**DENY; and Opinion Filed May 15, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00422-CV

## IN RE PETER BEASLEY, Relator

**Original Proceeding from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05278**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Molberg

In this original proceeding, relator complains of the trial court's December 11, 2018 order granting a motion to declare relator a vexatious litigant. In the order, the trial court granted the motion, declared relator a vexatious litigant, ordered relator to post a $422,064.00 bond as security pursuant to section 11.055 of the civil practice and remedies code, and ordered that the case be dismissed with prejudice if relator failed to post the bond within thirty days of the December 11 order pursuant to section 11.056 of the civil practice and remedies code. The order also prohibits relator from filing any new, pro se lawsuits in Texas without first receiving permission from the appropriate local administrative judge pursuant to section 11.101 and 11.102 of the civil practice and remedies code. Relator seeks a writ of mandamus directing the trial court to vacate the December 11 order.

Mandamus is an "extraordinary remedy, not issued as a matter of right, but at the discretion of the court." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). It is a means for correcting blatant injustice that will otherwise escape appellate review. *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). A relator seeking relief by mandamus has the burden of establishing the trial court clearly abused its discretion and he has no adequate remedy by appeal. *In re Prudential*, 148 S.W.3d at 135–36. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *Id.* at 136.

Based on the record before us, we conclude relator has not shown he is entitled to the relief requested because he has an adequate remedy by appeal. Relator had a right to appeal the portion of the order requiring relator to obtain permission to file new lawsuits in Texas because pre-filing orders are subject to interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c); *Nunu v. Risk*, 567 S.W.3d 462, 466–67 (Tex. App.—Houston [14th Dist.] 2019, Rule 53.7(f) motion granted) (collecting cases and concluding section 11.101(c) authorizes an interlocutory appeal of a pre-filing order). As for the portion of the order declaring relator a vexatious litigant and requiring him to post a bond, relator has not shown why an appeal of that order provides an inadequate remedy. *See In re Balistreri-Amrhein*, No. 05-18-00633-CV, 2018 WL 2773263, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (denying petition seeking vacatur of order declaring relator vexatious litigant because record was incomplete and relator had an adequate remedy by appeal) (citing *In re Jackson*, No. 07–15–00429–CV, 2015 WL 8781272, at *1 (Tex. App.—Amarillo Dec. 11, 2015, orig. proceeding) (mem. op.) (mandamus denied because relator had adequate remedy by appeal where vexatious litigant order would not render upcoming trial null or wasteful and order would not evade appellate review)). Accordingly, we deny relator's

petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ken Molberg/
KEN MOLBERG
JUSTICE

190422F.P05